[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife commenced this action seeking a dissolution of the marriage, an equitable distribution of the family assets and other relief. The defendant husband almost simultaneously, commenced an action seeking a dissolution of the marriage, and other relief in this court, Docket Number 525068, which was dismissed by agreement of the parties and their CT Page 9699 counsel at the commencement of the trial; the defendant filed an answer and cross-complaint seeking a dissolution of the marriage and other relief. The plaintiff wife also filed claims for relief seeking alimony, counsel fees and further relief.
Both parties testified at the trial, filed financial affidavits and submitted documentary evidence. Counsel for each party made oral argument to the court.
From the evidence, the court finds the following facts. The wife, whose birth name was Estigneeve C. Nails, married the defendant husband, Earl L. McKinney, on June 15, 1990 at New London, Connecticut. The husband lived in this state continuously for at least one year before this action was filed. There are no minor children issue of the marriage, and no minor children were born to the wife since the date of the marriage. The wife at one time was a recipient of public assistance from the town in which she resided at the commencement of this litigation. All statutory stays have expired and this court has jurisdiction.
At the time of the marriage, both parties were in the active military service, with the husband's station in Groton, Connecticut, and the wife's in Brooklyn, New York. She resided in Staten Island, he in Connecticut. They saw each other most every weekend, except when the husband was out to sea. Each has a child from a prior relationship. The husband pays support for his child, the wife receives none for hers. Both are 29 years of age and high school graduates. The husband is in good health and is now still in the active military service and has in fact reenlisted. The wife received a medical discharge in January, 1991 on account of a disability of her back, and she is limited to secretarial or clerical-type work. Because her back injury occurred while she was on military service, she is entitled to free medical care and treatment for any back-related problems, and she was awarded the sum of $157 per month disability by the Veterans Administration.
The parties spent little time together during their marriage, and separated in December, 1992 for the last time. They also underwent a six-month period of separation after the wife's military discharge, when she went to live with her mother in Toledo, Ohio, where she now resides. In addition, they endured periods of separation when the husband went out to sea. There was an episode of violence, which resulted in the wife's CT Page 9700 arrest. There was another incident when the husband went to the `Submarine Cafe' and saw the wife with another man, which the wife claims was related to the installation of a CD player in her car, and was not social. There was little real communication between them, and what there was, was angry and filled with tension. The husband also apparently had a long distance relationship with another woman. Also, because the wife had run up a number of bills, the husband took her name off the joint checking account to straighten out the bills, which he for the most part did. The wife, in the meantime, received the sum of $5,905 as severance pay when she was discharged, which she claims was spent mostly on family bills and her January, 1991 move to Ohio. Aside from this move to Ohio, there is no corroboration that the balance of $5,905 was spent for the benefit of anyone other than the plaintiff and her child, and the court finds this testimony not credible. The husband also took out a loan to assist the wife in obtaining a repair to her car which he is still paying out of his military pay.
On the state of this evidence, the court finds that the marriage of the parties has broken down irretrievably, with no reasonable prospect of reconciliation. It would also do no good to attempt to apportion the responsibility for the breakdown of the parties' marriage, nor is it possible to do so in this case, as the court cannot credit the testimony of either party on the issue of fault.
As can be seen from the parties' financial affidavits, they have little in the way of assets, each has a fully paid-for car, some furnishings and personal belongings, worth $2,300 in the case of the husband, and $900 in the case of the wife. Against this asset picture, the husband has $1,049 for the car loan previously mentioned and a liability to his attorney, while the wife shows a total of $2,624, which includes the balance of $600 due the VA, $834 for her final move to Ohio, which she owes her mother, her attorney's fees, and miscellaneous. Also, in about four months, she will have repaid the government the severance pay out of her disability check, and will begin receiving her VA check of $157 per month. Also, it must be noted that although she was granted a disability discharge in 1991, she was able to collect unemployment compensation benefits for three months in Ohio, and also had some casual employment as caretaker-companion for an elderly woman, for which she received $200 per month. She applies for employment now in the secretary-clerical-administrative field, which she did while in CT Page 9701 the military. Until her back injury, she was a cook, so she has significant vocational skills. She anticipates being able to go to work and securing full-time employment in September, 1994. She also wants to return to college and change her major from law enforcement to computer work.
The court finds that although the husband currently earns more than the wife, she has a significant earning capacity, and has the safety net of the VA pension. They are equal in their opportunities to acquire capital assets and income in the future, and they contributed more, or less equally to the acquisition of the assets of the marriage, which are scant. An arrearage in the amount of $100 on account of past due alimony pendente lite is found, towards the wife's claim that $600 was past due, after giving credit to the husband for the $400 received by her in November by allotment, and the $100 ordered to be paid to her by husband to assist her in traveling here for the trial.
After consideration of the evidence and facts found in the light of the factors contained in Connecticut General Statutes 46b-62, 46b-81 and 46b-82, the court enters the following orders:
A decree dissolving the marriage shall enter on the ground of irretrievable breakdown.
Each shall have the personal property in their respective possession.
The wife shall be responsible for all of the debts shown on her financial affidavit and save the husband harmless therefrom.
The husband shall be responsible for all of the debts shown on his financial affidavit and save the wife harmless therefrom.
The husband shall pay to the wife as periodic alimony the sum of $50 per week until September 30, 1994. Said alimony shall not be modifiable as to term or amount, and shall terminate on the death of either party, or the wife's remarriage or cohabitation. The alimony shall be secured by a military allotment, and the arrearage, if not previously paid, shall be paid on or before January 15, 1994. CT Page 9702
The husband shall cooperate with wife's conversion of health insurance benefits and coverage available through his military services, the premiums of which shall be paid by her.
The court has considered the parties' respective financial abilities, including the wife's residence with her mother, and her modest living expenses, the husband's support obligations for his child, the debt assumed by the husband for the wife's car, and the fact that he has already paid a substantial pendente lite alimony award, and the post-judgment alimony award herein entered. The court also finds that a denial of wife's claim for attorney's fees in toto would impair or undermine the other financial awards herein ordered, and orders the husband to pay towards the wife's attorney's fees the sum of $250 within ninety (90) days hereof.
The court denies the wife's claim for the television set as the court finds that the parties' tangible personal property has already been equitably divided by them, and she has already received two television sets.
Teller, J.